JULIA WOODWARD, RESPONDENT, v. HENRY BUGSBEE, ADMINISTRATOR, ETC., APPELLANT.

*Services — value of — how proved — opinion of witness as to — when admissible — Promise to pay — when may be implied.*

This action was brought to recover for services rendered by the plaintiff in nursing defendant's intestate during his last illness. It appeared upon the trial, from the testimony of the physician who had attended him, that the deceased had a cancerous sore over one of his eyes, and a carbuncle of unusual size upon his back; that the discharge from them was very offensive, and even dangerous, to those nursing him; that the services of the plaintiff had no standard price. He was then asked what, in his opinion, the services were reasonably worth. To this question defendant objected, and excepted to its allowance by the referee. *Held*, that the question was a proper one; that, in cases of this kind, where the services have no market value, there can be no better

† Angell on Lim., §§ 173, 179, 180, and cases cited.

proof of their real value than the opinion of the physician who knew the nature of the sickness and the value of attendance upon the sick.

The plaintiff was the sister of the deceased, who did not, however, reside with her, but had come to her house, asking leave to stay for a few days, and had subsequently died there. During his illness, he spoke warmly of plaintiff's care, and of paying her for it. *Held*, that it was not necessary to prove an express promise to pay, but that one might be implied.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

Isaac Bugsbee, the defendant's intestate, an unmarried man, without family, came to the defendant's house about the 1st of May, 1870, and, being sick, requested her to keep him a few days. He was sick with a cancerous affection of one of his eyes, and with a carbuncle of unusual size located upon his back. These sores required frequent dressing, and the discharge from them was very offensive. The plaintiff kept the deceased in her house, and took the entire charge of him until his death, which occurred June 8th, 1870. It appeared that deceased made a will during his illness, by which he left $500 to the plaintiff, but that probate of the will was subsequently refused for some informality in its execution. At the trial, the attending physician, having testified that the case was of so aggravated a character that there was no standard price for the services rendered by the plaintiff, was asked: "What is the price or value of the care and attention of the deceased by plaintiff during his last illness?" To the admission of this question by the referee, the defendant excepted. The referee found that the services were worth $440, and from the judgment entered upon his report this appeal was taken.

*Daniel Finn*, for the appellant.

*Groo & Wiggins*, for the respondent.

BARNARD, P. J.:

We think the question, allowed by the referee to be put to Dr. Everett, was proper. He had testified that he was a physician; he had fully stated the diseases of the plaintiff's intestate, and that the same were of the most aggravated description, so much so, as to be the subject of no standard price. In other words, he had testified

that the deceased was so afflicted and was so loathsome as to be entirely exceptional. The case must have been left to the referee to determine on proof of facts, or the value of the services claimed must be proven. A referee, ordinarily, would have no especial knowledge of the value of such services; and, to prevent the failure of justice, it was necessary that the value should be proven; and where there is no market value, there can no better proof be given of the real value, than the opinion of the physician who knew the services and the nature of the sickness, and who knew the value of attendance upon the sick.

As to the objection that the services cannot be recovered without an express promise, having been performed by a sister to her brother, we think that principle not applicable to this case. The deceased was not a member of plaintiff's family; he came to her house sick, and asked to be taken care of for a few days; he spoke of the plaintiff's care and attention in the warmest terms, and spoke of paying her for the same by will, and even named the sum of $500 as the measure of value thereof.

The referee was justified in finding a promise, and the judgment should be affirmed, with costs.

Present—BARNARD, P. J., TAPPEN and TALCOTT, JJ.

Judgment affirmed, with costs.